**Gary Lynn GOODWIN, Petitioner, Appellant,**

v.

**STATE of Minnesota, et al, Respondents.**

No. 51502.

Supreme Court of Minnesota.

July 2, 1981.

John S. Connolly, St. Paul, for appellant.

1. The state based its contention on language of this court in *DeGidio v. State*, 294 Minn. 521,

Warren Spannaus, Atty. Gen., and David L. Valentini, Sp. Asst. Atty. Gen., St. Paul, for respondents.

YETKA, Justice.

This is an appeal by Gary Lynn Goodwin from an order of the district court affirming the decision of the Minnesota Corrections Board refusing to discharge Goodwin on his 25th birthday and transferring him from youth to adult status. The key issue on appeal is whether the state met its burden of proving that an absolute discharge of Goodwin from the sentences which formed the basis of his commitment under the Youth Conservation Act would be "dangerous to the public" within the meaning of Minn.Stat. § 242.27 (1976) (repealed 1977). We believe that the state met its burden of proof and therefore we affirm.

Under the Youth Conservation Act, repealed by Act of June 2, 1977, ch. 392, § 14, 1977 Minn.Laws 890, 897, the MCB determined in 1976, shortly after petitioner's 25th birthday, that his absolute discharge from his unexpired commitments to the Youth Conservation Commission, one being for aggravated robbery and one for third-degree murder, would represent a danger to the public and accordingly the board ordered Goodwin transferred to adult status.

Goodwin was not given formal notice and therefore did not request a hearing immediately. Finally, in early 1979, he requested a hearing, which was held before the MCB on June 26, 1979, with Goodwin being represented by the state public defender's office.

After the MCB reaffirmed its decision, petitioner sought a de novo hearing in the district court, which was held in 1980. After the hearing, the district court affirmed the transfer.

One of the issues at the hearing was whether, as the state contended,[1] the evidence should be limited to petitioner's con-

200 N.W.2d 898 (1972) (per curiam).

duct before he became 25 or whether, as petitioner contended, the evidence should also include evidence of petitioner's subsequent conduct, which apparently showed improvement beginning in 1978. The district court admitted the evidence of petitioner's improved conduct but, nonetheless, determined that petitioner's absolute discharge would be dangerous to the public.

The state, in its responsive brief, asks us to hold that the district court erred in this ruling. We need not decide the issue, which probably will not arise again in this context, because we are satisfied that, even taking into account the evidence of defendant's subsequent improvement in behavior, the evidence justified the district court's determination.

Affirmed.